Aileen SCHWARTZ, Plaintiff,

v.

The MAYOR'S COMMITTEE ON the JUDICIARY OF the CITY of NEW YORK, by its Chairman David G. Trager and its Executive Secretary, Paul D. Siegfried, and the City of New York, Defendants.

No. 86 Civ. 1689 (RO).

United States District Court, S.D. New York.

Oct. 14, 1986.

---

Jacob D. Fuchsberg, New York City, for plaintiff.

F.A.O. Schwartz, Jr., Corp. Counsel, New York City (Steven H. Morenson, of counsel), for defendants.

OWEN, District Judge.

Plaintiff Aileen Schwartz is a former Judge of the Family Court of the State of New York. Nearing completion of her ten-year appointment as Judge, plaintiff applied to the Mayor's Committee on the Judiciary for reappointment. The application was denied. Plaintiff thereupon commenced this action under 42 U.S.C. § 1983, alleging that the Mayor's Committee had violated her federal due process rights. Before me now are cross-motions for summary judgment.

To establish a denial of a federal right to due process, a plaintiff must demonstrate that a life, liberty, or property interest is implicated. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff, however, has failed to do so. As to a property interest in plaintiff's reappointment, the New York Constitution provides that an appointment as a Family Court judge shall be for a term of ten years. No mention is made of any right of an incumbent to the Family Court to reappointment. *See* N.Y. Const. Art. 6, § 13; *see also* N.Y. Family Court Act, § 123. Section 124 of the Family Court Act sets forth the clearly discretionary standards: "[T]he Mayor ... shall select persons who are especially qualified for the court's work by reason of their character, personality, tact, patience and common sense."

Moreover, while Mayor's Executive Order No. 10 § 4(a) states that the "Mayor shall not ... reappoint an incumbent judge unless recommended for reappointment" by the Mayor's Committee on the Judiciary, this Order does not *require* the Mayor to reappoint all those recommended by the Committee. The fact that some—or perhaps most—incumbents have been reappointed, which might give use to a subjective expectation of reappointment, does not by itself create the property right plaintiff

seeks to assert, nor does any of the other evidence establish a property right.

■ Nor has plaintiff established the violation of a liberty interest, which requires a showing that the state's action has stigmatized her and has precluded her from securing other employment. *See Roth*, 408 U.S. at 573, 92 S.Ct. at 2707. Plaintiff acknowledges that the Mayor's Committee did not make public its reasons for not recommending plaintiff for reappointment. *Cf. Huntley v. Community School Bd. of Brooklyn*, 543 F.2d 979, 984–86 (2d Cir.1976), *cert. denied*, 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 773 (1977). While plaintiff asserts that the state's very act of not reappointing her has stigmatized her and hurt her job opportunities—and perhaps some might so view this—I cannot agree that as a matter of law this makes the state's conduct actionable. Were the law so, every government employee terminated without consent would have a due process liberty interest claim. It "would stretch the [liberty interest] concept too far 'to suggest that a person is deprived of "liberty" when he simply is not rehired in one job but remains as free as before to seek another.'" *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976), citing *Roth*, 408 U.S. at 575, 92 S.Ct. at 2708.

■ Finally, I note that the Mayor's Committee on the Judiciary "Procedure and Policy" Statement, paragraph 14, provides,

> An incumbent judge eligible for reappointment will be fully investigated and interviewed in person by the Committee before being considered for reappointment. The candidate will be informed of and will have an opportunity to be heard by the Committee on the issues concerning the candidate before a final recommendation is reached.

Plaintiff contends that this provision entitled her to a degree of due process before the Committee. *Cf. Halleck v. Berliner*, 427 F.Supp. 1225, 1236 (D.D.C.1977). I agree. However, in the circumstances before me, I conclude that this process was afforded. In describing her meeting with the Committee, plaintiff states in an affidavit:

> The Chairman then stated that the Committee had some "concerns". The "concerns" were not specifically identified. The Chairman began a discussion of whether a judge who is a legal scholar can relate to people who appear in Family Court. Another member asked whether a judge who is a legal scholar and whose decisions are correct but who does not relate to the people in the Family Court is a "good judge". I stated that if the judge did not "relate" to the people in the Family Court, that judge was not a good judge and explained to the Committee that I not only identified myself with each individual who appeared before me but that I treated each individual as I would want my husband, mother or son to be treated. . . .
>
> Although Chairman Trager alluded to some "concerns", there was no recitation of the "concerns", nor was any of them stated in any other fashion with specificity, nor was it indicated that the "concerns" were in any way charges against me. . . .
>
> Chairman Trager and members of the Committee raised subjects in general terms calling upon me for comments. Respectful of the responsibility of the members of the Committee, I was determined to cooperate fully.

I do not read the Procedure and Policy provision of the Mayor's Committee to require a formal particularization of Committee concerns. Rather, I think it is sufficient if a candidate is informed as to a general area or areas as to which the Committee is troubled and is allowed to be heard. This the Committee did.

Thus, viewing the material, operative facts—which the parties do not dispute—in the light most favorable to each of the non-moving parties, plaintiff's motion for summary judgment must be denied, and defendants' motion for summary judgment granted. The action is dismissed.

Submit order on notice.